UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JAY SILVERSTEIN,

                Plaintiff,

      -against-

LAWRENCE UNION FREE SCHOOL DISTRICT
NUMBER 15, BOARD OF EDUCATION OF THE
LAWRENCE UNION FREE SCHOOL DISTRICT 15,
MURRAY FORMAN, DAVID SUSSMAN, ASHER
MANSDORF, MICHAEL HATTEN, URI
KAUFMAN, NAHUM MARCUS, and
JOHN T. FITZSIMONS, individually and in their
official capacities,

                Defendants.
----------------------------------------------------------X

**ORDER**
CV-10-0993(SJF)(WDW)

FEUERSTEIN, J.

On March 5, 2010, plaintiff Jay Silverstein ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against defendants Lawrence Union Free School District Number 15, Board of Education of the Lawrence Union Free School District 15 ("the BOE"), Murray Forman, David Sussman, Asher Mansdorf ("Mansdorf"), Michael Hatten, Uri Kaufman and Nahum Marcus (collectively, "the District defendants"), individually and in their official capacities, and defendant John T. Fitzsimons ("Fitzsimons"), individually and in his official capacities. On May 6, 2010, plaintiff filed an amended complaint against the District defendants and Fitzsimons alleging violations of his First Amendment rights to intimate association, expressive association, free speech and political affiliation and Fourteenth Amendment right to equal protection of the laws. By electronic order entered August 23, 2010, the motions of Fitzsimons and the District

1

defendants to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and plaintiff's cross motion to amend his amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure were referred to Magistrate Judge William D. Wall for a report and recommendation in accordance with 28 U.S.C. § 636(b). By Report and Recommendation dated February 15, 2011 ("the Report"), Magistrate Judge Wall recommended that defendants' motions to dismiss the amended complaint be granted and that plaintiff's cross motion to amend the amended complaint be granted to the extent of allowing plaintiff to proceed on the claims in his proposed second amended complaint alleging violations of his First Amendment rights to free speech/expressive association and political affiliation, but that plaintiff's cross motion otherwise be denied. Pending before the Court are objections by all parties to the Report and the parties' respective responses to those objections. For the reasons stated herein, the Court accepts Magistrate Judge Wall's Report in its entirety.

I. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a

magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II. Objections

A. Plaintiffs' Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Wall erred, *inter alia*: (1) in finding that his amended complaint does not allege sufficient facts to state a First Amendment retaliation claim; (2) in rejecting his intimate association claim because it is based on a platonic relationship, as opposed to a familial one; (3) in rejecting his expressive association claim as duplicative of his free speech claim; (4) in finding that the amended complaint fails to sufficiently allege (a) that plaintiff engaged in protected speech of his own or any political activity, or (b) a causal connection between his speech and the adverse employment action; (5) in rejecting his equal protection claim; (6) in finding that qualified immunity would apply to bar plaintiff's intimate association claim against the individual defendants; and (7) in finding that any amendment to the amended complaint to assert claims for violations of his First Amendment right to intimate association and Fourteenth Amendment right to equal protection of the laws would be futile. Fitzsimons and the District defendants oppose plaintiff's objections.

B.   Fitzsimons's Objections

Fitzsimons objects to Magistrate Judge Wall's finding that "the proposed allegations [in plaintiff's second amended complaint] provide a basis for the other First Amendment claims – either free speech or expressive association, and the claim based on political affiliation," (Fitzsimons's Objections to Magistrate Judge's Report and Recommendation [Fitzsimons Obj.], ¶ 1), on the basis, *inter alia*: (1) that "there is no direct, or otherwise plausible, allegation of fact [against Fitzsimons] to support a claim of a violation of plaintiff's constitutional rights," (Id.); and (2) that Magistrate Judge Wall erred in rejecting his claim that plaintiff's position was abolished as a cost saving, budgetary step in light of Section 3012(1)(b) of the New York State Education Law, which provides that the service of any person appointed to an administrator's position can only be discontinued during his or her probationary period by "a majority vote of the Board of Education," (Id. at ¶ 2). According to Fitzsimons, although his recommendation, as Superintendent, was required under that statute, the recommendation itself was not an adverse employment action that deprived plaintiff of any constitutional right because plaintiff's termination could only be effectuated by a majority vote of the BOE.

In opposition, plaintiff contends, *inter alia*, that "Fitzsimons is a proper defendant because his recommendation to abolish Plaintiff's position would dissuade an employee from exercising his constitutional rights, particularly when such recommendation is rubber-stamped by the [BOE]." (Plaintiff's Memorandum of Law in Opposition to Defendant Fitzsimons's Objections to Magistrate Judge Wall's Report and Recommendations, p. 18).

C.   The District Defendants' Objections

The District defendants object only to the branches of the Report which recommend: (1) that plaintiff's cross motion to amend the amended complaint be granted in part to allow plaintiff to proceed with his claims alleging violations of his First Amendment political affiliation and free speech/expressive association rights; and (2) that the branch of the District defendants' motion to dismiss the claims against the individual District defendants in their individual capacity as barred by the doctrine of qualified immunity be denied. According to the District defendants, Magistrate Judge Wall erred, *inter alia*: (1) in recommending that plaintiff be allowed to proceed on his First Amendment claims "based on a sweeping inference from a single purported conversation between the plaintiff and one defendant and by inferring that the anti-Semitic term 'anti-Orthodox' reflects that an individual is involved in anti-school board politics," (Defendants' Objection to the Report and Recommendation [Dist. Def. Obj.], p. 1); (2) in inferring that the District defendants had knowledge of plaintiff's political activities, and may have retaliated against him because of those activities, based "largely on a single conversation between one defendant and plaintiff about the closing of a school in the District," (Id., p. 2); (3) in recommending that plaintiff be granted leave to amend his amended complaint "because plaintiff knew of the [new] allegations [pled in his proposed second amended complaint] but failed to include them in the original or first amended complaint," (Id., p. 4); (4) in finding that plaintiff's statements to Mansdorf constituted speech protected by the First Amendment, since plaintiff made those statements in his capacity as a District employee, not as a concerned citizen; (5) in inferring a causal connection between plaintiff's statements to Mansdorf and the abolition of his position; (6) in ignoring the absence of any allegation in the proposed second amended complaint that the District defendants knew that plaintiff had campaigned for two BOE

5

challengers in April 2009 or had attended a school board meeting in which community members spoke out against the BOE's actions; and (7) in inferring that plaintiff was perceived as "anti-Orthodox" absent any allegation in the proposed second amended complaint that that perception was based upon plaintiff's own political activity. Plaintiff opposes the District defendants' objections.

III. Conclusion

Upon *de novo* review of the Report and consideration of the parties' respective objections and responses thereto, the objections are overruled and the Report is accepted in its entirety. Defendants' motions to dismiss the amended complaint are granted to the extent that plaintiff's claims alleging violations of his First Amendment right to intimate association and Fourteenth Amendment right to equal protection of the laws are dismissed with prejudice, and plaintiff's claims alleging violations of his First Amendment free speech/expressive association and political affiliation rights are dismissed without prejudice, and defendants' motions are otherwise denied; and plaintiff's cross motion to amend the amended complaint is granted to the extent that plaintiff may serve and file a second amended complaint re-pleading his claims alleging violations of his First Amendment free speech/expressive association and political affiliation rights **within ten (10) days of the date of entry of this order**, and plaintiff's cross motion is otherwise denied. Plaintiff's failure to serve and file a second amended complaint in accordance with the Report and within the time limit set forth in this Order will be deemed a waiver of his right to amend the amended complaint and will result in a dismissal of all of his claims against defendants with prejudice.

In the event plaintiff timely serves a second amended complaint in accordance with the Report and this Order, the parties are directed to appear, with authority, or with persons with authority, to settle this matter, before me in my courtroom located at 1010 Federal Plaza, Central Islip, New York, on **April 12, 2011 at 11:30 a.m.**, for an initial conference in this matter. In the event plaintiff fails to timely file a second amended complaint in accordance with the Report and this Order, the parties are to advise the Court in writing of that failure on or about April 11, 2011 at 5:00 p.m. and the conference will be cancelled.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 30, 2011
Central Islip, New York