```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAY SILVERSTEIN,
                          Plaintiff(s),            REPORT AND
                                                   RECOMMENDATION
         -against-                                 CV10-993(SJF) (WDW)

LAWRENCE UNION FREE SCHOOL
DISTRICT NUMBER 15, THE BOARD of
EDUCATION OF THE LAWRENCE UNION
FREE SCHOOL DISTRICT NUMBER 15,
MURRAY FORMAN, DAVID SUSSMAN,
ASHER MANSDORF, MICHAEL HATTEN,
URI KAUFMAN, NAHUM MARCUS, JOHN
FITZSIMONS, Individually and in their Official
Capacities,
                          Defendant(s).
----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Feuerstein are motions to dismiss by defendant John Fitzsimons (DE[50]), and by the other defendants ("the Board Defendants") as a group (DE[51]). For the reasons set forth herein, I recommend that the motions be denied.

## BACKGROUND

This is the second round of motions to dismiss in this matter. Fitzsimons and the Board Defendants earlier moved to dismiss the plaintiff's Amended Complaint. The plaintiff cross-moved for leave to file a Second Amended Complaint. The defendants opposed the plaintiff's cross-motion on several grounds, including futility and qualified immunity. I recommended dismissal of the Amended Complaint, and further recommended that the motion for leave to file a Second Amended Complaint be granted in part and denied in part. DE[35] ("R&R"). The R&R specifically found that the Second Amended Complaint adequately set forth First Amendment retaliation claims based on Silverstein's free speech or expressive association and on his political affiliation. The defendants filed objections to the R&R, but it was adopted in its

entirety by Judge Feuerstein (DE[45]) and the Second Amended Complaint was served and filed. They now move to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6).

## DISCUSSION

**Rule 12 (b)(6) Standard:**

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir. 2005); *Rosen v. North Shore Towers Apts., Inc.,* 2011 WL 2550733, *2 (E.D.N.Y. June 27, 2011)(12(b)(1)). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty,* 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal,* ___ U.S. ___ , 129 S. Ct. 1937 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court clarified the appropriate pleading standard in *Iqbal,* setting forth a two-pronged approach for courts deciding a motion to dismiss. District courts are to first "identify [] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine

2

whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting and citing *Twombly,* 550 U.S. at 556-57) (internal citations omitted).

**Prior Findings on Motion to Amend:**

As noted, the defendants who are now moving to dismiss the Second Amended Complaint previously opposed the motion to amend, *inter alia*, on the basis of futility. Despite that opposition, I found that: 1) The two groups that are publicly "pro" and "con" school board activities in Lawrence can reasonably be considered political for First Amendment purposes. (2) Silverstein adequately alleges that he was personally active in a group that was opposed to some or all of the defendant Board's activities. (3) While no one sentence in the Second Amended Complaint sets out personal awareness on the part of the individual Board Members of those activities, such awareness can be reasonably inferred and discovery will allow the parties to learn the extent of the individual defendants' precise knowledge or lack thereof. (4) The change in Silverstein's job constituted an adverse employment action. (5) It is unclear at this point whether that change, recommended by Fitzsimons, was motivated by cost considerations or Silverstein's political leanings. (6) Qualified immunity does not apply. DE[35] at 20-21. Judge Feuerstein adopted those findings in their entirety.

Notably, the standard for reviewing a futility argument in regard to a motion to amend is identical to the standard for a Rule 12(b)(6) motion to dismiss. *Quintanilla v. Suffolk Paving*

*Corp.,* 2011 WL 1323033, *5 (E.D.N.Y. Feb. 10, 2011) (citations omitted). Thus, the claims that survived the earlier round of motion practice - a First Amendment retaliation claim based on either free speech or expressive association and on political association - have already been tested by the standard applicable here. Based on that, the plaintiff argues that law of the case should apply.

**Law of the Case:**

"The law of the case doctrine . . . counsels a court against revising its prior rulings in subsequent stages of the same case absent cogent or compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *ATSI Communications, Inc. v. The Shaar Fund, Ltd.,* 547 F.3d 109, 112 n.3 (2d Cir. 2008). Application of the doctrine is, however, discretionary and not mandatory. *See Lewis v. Whelan,* 99 F.3d 542, 545 (2d Cir. 1996). I need not apply the law of the case doctrine here in order to render a recommendation on the current motions.

**The Current Motions to Dismiss:**

Having reviewed and considered the arguments set forth by the defendants in the current motions, I adhere to my original findings, set forth in the earlier R&R at pages 19-21 and summarized *supra* at page 3. As I found earlier, the Second Amended Complaint, while not a model of pleading, adequately sets forth plausible claims of retaliation based on the plaintiff's free speech or expressive association and on his political affiliation. In reiterating those findings, I note again the unfortunate use of the term "anti-Orthodox" to denote the plaintiff's political affiliation. As explained in the earlier R&R, that term, which suggests a hostility based on religious beliefs and practice, is an imprecise and inflammatory descriptive in this context. *See*

4

DE[35] at 16. There exist two distinct groups regarding how the Lawrence School District should be run. One group is apparently made up primarily of Orthodox residents and the other group is apparently made up primarily of non-Orthodox residents. But the dispute is over how the school district should be managed and money spent, not over the religious practices or beliefs of one group or the other. While it would be disingenuous to pretend that the religious beliefs of one group or another might not to some degree affect their thinking about how the school district should be run and its money spent, those religious beliefs are not at issue in this lawsuit - the political views about managing the district, including the job of the plaintiff, are. In that way, the two camps are at political, not religious, odds.

To the extent, if any, that the defendants set forth new factual arguments[1] in the current motions, nothing in those arguments changes my findings. For example, Fitzsimons argues that nothing in the Second Amended Complaint states or even suggests that he was "individually motivated based on the plaintiff's speech, association and/or political affiliation with the non-Orthodox group." DE[50] at 10. However, the plaintiff alleges that Fitzsimons was well aware of the Board's opinion of Silverstein and its possible basis in Silverstein's political views, indeed Fitzsimons communicated that opinion to Silverstein. Further, it was Fitzsimons who recommended the change in Silverstein's job status, and, as noted in the earlier R&R, Fitzsimons' motivation cannot be determined without benefit of discovery. I find that an improper "mental state" can be plausibly inferred from the Second Amended Complaint. It is not Fitzsimons' communication of the Board's views about Silverstein that suggests discriminatory

---

[1] The plaintiff asks the court to disregard Exhibits B, C and D to the Board Defendants' motion. The request is moot - even considering those documents, I find that the motion should be denied.

behavior, but Fitzsimon's role in the adverse employment action and his motivation in recommending that action that could lead to liability.

As to the Board Defendants' arguments, I find that Silverstein's activities and speech were not undertaken as a school employee, but as a private citizen and member of the community. His comments to Mansdorf are not the only speech alleged - he also alleges that he attended meetings, distributed pamphlets and demonstrated support for the non-orthodox point of view. The Board Defendants' other arguments - for example, that "'Anti-Orthodox'" is not a political affiliation, but rather is itself a form of discrimination" (DE[51] at 12) was addressed in the earlier R&R. As noted, the use of that term is inaccurate and inflammatory in regard to Silverstein's position, and whatever role that term or its implications played in the Incantalupo matter is irrelevant to this lawsuit. I found and find anew that Silverstein's political affiliation is with a group that disagrees with School District decisions, made by a group that contains many Orthodox members, not with a religious sect.

I further find, as I did earlier, that the defendants are not entitled to qualified immunity, inasmuch as the law governing the First Amendment claims now at issue is well established. For these reasons, I recommend that the motions be dismissed. The plaintiff should be allowed to conduct discovery to determine whether his free speech or expressive association or political affiliation were motivating factors in the employment decisions.

To the extent that the defendants argue that there was clear error in the earlier findings, I can make no recommendation. *See, e.g.,* Fitzsimons' Reply Mem., DE[53]. Judge Feuerstein adopted the earlier findings and a Magistrate Judge cannot function as an appellate forum for the decisions of a District Judge.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      July 12, 2011

                                              /s/ William D. Wall
                                              WILLIAM D. WALL
                                              United States Magistrate Judge