UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JAY SILVERSTEIN,

                Plaintiff,

      -against-

LAWRENCE UNION FREE SCHOOL DISTRICT
NUMBER 15, BOARD OF EDUCATION OF THE
LAWRENCE UNION FREE SCHOOL DISTRICT 15,
MURRAY FORMAN, DAVID SUSSMAN, ASHER
MANSDORF, MICHAEL HATTEN, URI
KAUFMAN, NAHUM MARCUS, and
JOHN T. FITZSIMONS, individually and in their
official capacities,

                Defendants.
----------------------------------------------------------X

**ORDER**
CV-10-0993(SJF)(WDW)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 05 2011 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

Pending before the Court are the objections of defendants Lawrence Union Free School District Number 15, Board of Education of the Lawrence Union Free School District 15 ("the BOE"), Murray Forman, David Sussman, Asher Mansdorf ("Mansdorf"), Michael Hatten, Uri Kaufman and Nahum Marcus, individually and in their official capacities, (collectively, "the District defendants") and defendant John T. Fitzsimons ("Fitzsimons"), individually and in his official capacity, to the Report and Recommendation of Magistrate Judge William D. Wall entered July 12, 2011 ("the Report"), recommending that their respective motions to dismiss the second amended complaint ("SAC"), filed by plaintiff on April 1, 2011, be denied. For the reasons stated herein, the Court accepts Magistrate Judge Wall's Report in its entirety.

1

I. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II. Objections

A. Fitzsimons's Objections

Fitzsimons objects to Magistrate Judge Wall's findings, *inter alia*, that an "improper 'mental state' can be plausibly inferred from the [SAC]" and that it was Fitzsimons's role in the adverse employment action and his motivation therefor that could lead to his liability in this case. (Report, at 5-6). According to Fitzsimons, Magistrate Judge Wall's finding that an improper

2

mental state can plausibly be inferred from the SAC is "clear error," (Fitzsimons Obj., at 2), because, *inter alia*, the SAC "is absolutely devoid of any allegation implicating [him] for having acted in a constitutionally impermissible way," (Fitzsimons Obj., at 3); "plaintiff fails to make any * * * assertions of retaliatory motive at all," (Fitzsimons Obj., at 5); and the SAC "is completely devoid of any specific, nonconclusory factual allegations to establish the necessary mental state of * * * Fitzsimons[] in this case." (Id.) Plaintiff opposes Fitzsimons's objections on the basis, *inter alia*, that it may plausibly be inferred from the factual allegations in the SAC that there was a causal connection between his protected activities and Fitzsimons's conduct; that Fitzsimons "adopted the [BOE's] animus," (Plf. Opp., at 16); and that his protected activities were a motivating factor in the adverse employment action at issue. (Id.)

B. The District Defendants' Objections

The District defendants contend that Magistrate Judge Wall erred, *inter alia*: (1) in "making sweeping inferences from facts not pled in the [SAC]," (Dist. Def. Obj., at 2), to "erroneously conclud[e]: (a) that the allegation that plaintiff was perceived as 'anti-Orthodox' itself infers that he opposed school board activities in a political sense; (b) that plaintiff acted as a private citizen rather than an employee when speaking with Mr. Mansdorf; (c) that the pleading stated a claim of awareness by the [BOE] of plaintiff's * * * political activity; and (d) that the pleading states a claim for retaliatory animus by the [BOE] and its individual members," (id.); and (2) in denying their qualified immunity defense because, *inter alia*: (a) "the law is clearly established that plaintiff's purported speech [was] not protected by the First Amendment," (Dist. Def. Obj., at 15) (emphasis in original), (b) it was not clearly established law that a perception

3

that an individual was "anti-Orthodox" constituted political speech protected by the First Amendment, (Dist. Def. Obj., at 16), and (c) the SAC does not allege the personal involvement of any of the District defendants except Mansdorf in the alleged constitutional violations, (Dist. Def. Obj., at 16-17). Plaintiff opposes the District defendants' objections.

III. Conclusion

Upon *de novo* review of the Report and all of the underlying motion papers, and consideration of the District defendants' and Fitzsimons's respective objections thereto and plaintiff's opposition to those objections, the objections are overruled and the Report is accepted in its entirety. For the reasons set forth therein, the District defendants' and Fitzsimons's motions to dismiss the SAC are denied.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 5, 2011
Central Islip, New York

4